IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA CASTILLO, | ) | CASE NO.  5:17-cv-2110 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| JO-ANN STORES, INC., | ) | |
| | ) | **CASE MANAGEMENT** |
| Defendant. | ) | **CONFERENCE PLAN ORDER** |

A Case Management Conference was held in this matter on February 15, 2018.  The Court encourages the parties and counsel to continue to discuss the possibility of settlement while the case is progressing.  If a settlement is reached, the parties shall timely submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in progress by contacting the Court's Courtroom Deputy Clerk at 330-252-6170.

To bring this case to a prompt conclusion, the parties are instructed to confer with each other frequently and to work together in a professional manner. The Court expects the parties to respond to each other's telephone or mail message within forty-eight (48) hours, except in unique circumstances.

**1. Case Management Dates and Track Assignment**

Unless otherwise ordered by the Court, the parties shall adhere to the following dates and deadlines:

| | |
|---|---|
| Track Assignment: | STANDARD |
| Deadline to add parties or amend pleadings: | March 19, 2018 |
| Deadline for Completing Fact Discovery: | June 19, 2018 |

The parties have agreed to a method for conducting discovery of electronically-stored information.

| | |
|---|---|
| Deadline for party with burden of proof to identify experts and reports: | July 19, 2018 |
| Deadline to identify rebuttal experts & reports: | August 20, 2018 |
| Deadline for Completing Expert Discovery: | September 20, 2018 |
| Deadline for Filing Dispositive Motions: | October 22, 2018 |
| Deadline for Filing Oppositions to Motions: | 30 days later |
| Deadline for Filing Replies to Responses: | 14 days later |
| In-Person Settlement Conference: | June 28 @ 10:00 AM |
| Final Pretrial Conference: | TBD |
| Jury/Bench Trial | TBD |

**In addition to the above dates and deadlines, parties are required to adhere to all dates and deadlines set forth in the Federal and Local Civil Rules as well as other dates and deadlines contained in this Order. As is more fully set forth herein, certain action is required prior to the conferences scheduled herein. Counsel are directed to closely review this Order to ensure compliance with this Order.**

   2. **Magistrate Judge**

The parties have consented to the jurisdiction of United States Magistrate Judge Kathleen B. Burke pursuant to 28 U.S.C. Sec. 636(c).

   3. **Discovery**

   a.   **Discovery Disputes.** No motion to compel, motion for protective order or motion for sanctions shall be filed unless the parties have undertaken in good faith to resolve discovery disputes and, if unable to do so, have next jointly contacted the Court by phone or email with a request for judicial resolution. Local Civil Rule 37.1 governs discovery disputes and counsel are expected to comply with this Rule. As required by Local Rule 37.1, parties shall not bring discovery disputes to the Court without having made "sincere, good faith efforts to resolve such

disputes." The Court interprets this as requiring the parties, in addition to any written communication, to communicate by telephone or in person in an effort to resolve a discovery dispute before bringing the dispute to the Court.

  b.  **Claims of privilege.** Pursuant to Evidence Rule 502(d), an inadvertent disclosure of a communication or information covered by the attorney client privilege or work product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or state proceeding.

  c.  **Protective orders regarding confidential materials.** In the event that the parties intend to enter into a protective order regarding confidential materials, the parties shall submit a proposed protective order to the Court for approval by the Court.

**4. <u>Motions</u>**

Dispositive Motion deadlines are set forth above. **Absent leave of court**, motions for summary judgment may not be filed prior to the close of non-expert discovery. Also, **absent leave of court**, a party may file only one motion for summary judgment.

Parties shall comply with Local Rule 7.1(g) regarding page limitations. A memorandum that exceeds the page limitations shall not be filed until a motion for leave to file such memorandum is granted. Such leave shall be sought **at least ten (10) days prior to the filing date.** The Court will not increase these page limitations except upon extraordinary circumstances. Additionally, in the event that the exhibits and appendices associated with the motion and supporting brief exceed 50 pages in length, a courtesy copy shall be provided to Chambers within one (1) business day of filing.

All motions and related documents filed with the Court must comply with the Local Rules for the United States District Court for the Northern District of Ohio including Local Rule 10.1

concerning document format. Additionally, all motions and related documents filed in this action, whether electronically or by other means, shall be presented in the following form: all margins shall be at least one inch; the main text of all documents shall be at least 12-point, double-spaced non-condensed type ("non-condensed type" referring either to Times New Roman type or to another type that has no more than 80 characters to a line of text); footnotes and block quotations may be single-spaced; and footnotes may be in a different-size font, no smaller than a 10-point single-spaced type font. Compliance with the foregoing requirements will be judged in comparison with the Court's own WordPerfect and Microsoft Word generated documents. Both paper documents and electronically-filed documents when printed out will be held to this standard. Nonconforming documents may be stricken, in the Court's discretion.

Records used to support or oppose any motion (*e.g.,* deposition transcripts) shall be excerpted and submitted as exhibits to the pleading. Parties shall submit that portion relevant to the issue in question and not more than two (2) additional pages to establish context. When filing such exhibits, the filer need not select any category for the attachment but *must* indicate a "description" for each (e.g., "John Doe Deposition;" or "Jane Doe Affidavit") at the appropriate electronic filing screen. Any record submitted in support of or in opposition to a motion that does not already contain identifying page numbers must have numbers applied to each page for ease of identification.

Parties must consult the Electronic Filing Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

All motions must be supported by reference to appropriate legal authority.

All facts presented to the Court in any brief or memorandum setting forth a party's position with respect to a motion must be supported by pinpoint citations to the case record. For example,

it is *not* sufficient to say: "*See* Green Affidavit" or "*See* Williams Deposition." Instead, each citation must be to a particular paragraph of the Affidavit or to a particular page or pages of the Deposition.

Where deposition excerpts have been attached in support of or in opposition to a motion, the entire deposition transcript must also be separately, and simultaneously, filed. Such deposition transcript must be filed electronically in text-searchable PDF format.

### 5. Extensions of Time

Before requesting an extension of time, counsel shall request the consent of other parties, and shall state in the written motion for extension whether consent was obtained.

### 6. Filing Documents Under Seal

"[C]ourts have long recognized . . . a strong presumption in favor of openness as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotations and citations omitted). "The burden of overcoming that presumption is borne by the party that seeks to seal them [and] [t]he burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (internal citations omitted).

No protective order or other sealing order is blanket authority to file documents or information under seal. If a party seeks to file any document or information under seal, that party must seek leave of Court to do so. Accordingly, absent the filing of a motion to seal, which is predicated upon the authority of a statute, court rule, or the most compelling reasons, and the Court's approval of said motion, documents may not be filed under seal. *Id.*; *see also*, L.R. 5.2.

Even if Court approval is obtained, only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes

mention of a document which is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Any and all filings made under seal shall be submitted electronically whenever possible and linked to the relevant authorizing order, pursuant to Local Rule 5.2. If both redacted and unredacted versions are being submitted for filing, each version shall be separately filed and clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

Finally, if and when a case where sealing is authorized comes to trial or hearing, the courtroom will not be sealed. The trial or hearing and any ruling by the Court will be public. Unless specifically ordered, any and all documents and information which may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation.

**7. Status Conferences and pre-trials**

An in-person settlement conference is scheduled for June 28, 2018, at 10:00 a.m, in Chambers, Room 480, 2 South Main Street, Akron Ohio, 44308. At least ten (10) business days prior to the status conference, plaintiff's counsel shall submit a settlement demand to defendant's counsel with a written description and monetary breakdown of the damages claimed, including attorneys' fees and expenses if applicable, and an explanation of why such a settlement demand is appropriate. No later than seven (7) business days prior to the status conference, defendant's counsel shall submit a written offer to plaintiff's counsel with an explanation of why such a settlement offer is appropriate. On occasion, this process will lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall email copies of these letters to Magistrate Judge Burke's chambers at Burke_Chambers@ohnd.uscourts.gov no later than five (5) business days

before the conference, with a copy to opposing counsel. DO NOT file copies of these letters with the Clerk's Office. If a settlement is reached by the parties prior to the status conference, the parties shall promptly notify the Court.

With respect to the in-person conference and pre-trial conferences: counsel, parties, party representatives with knowledge of the facts and anyone with settlement authority, including insurance adjusters, if applicable, are required to attend unless prior approval of their absence is received. While in-house counsel may attend the status conference and pre-trials, in-house counsel may not serve as the party representative, i.e., if in-house counsel attends, someone in addition to in-house counsel must be present at the status conference and final pre-trial.

Additional status conferences and/or pre-trials may be scheduled as necessary.

8. **Final pre-trial and trial**

The final pre-trial and trial will be set at a later date.

9. **Change of Address**

Counsel shall notify the Court and the Clerk of this Court by letter of any address, e-mail address, or telephone number changes to assure proper notification.

Dated: February 15, 2018

Kathleen B. Burke
United States Magistrate Judge